# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Number: _____

CHRISTINA WATSON;
ROBERT WATSON; and,
THE ESTATE OF FALON WATSON,

    Plaintiffs,

v.

VISTA OUTDOOR, INC.;
VISTA OUTDOOR OPERATIONS, LLC;
VISTA OUTDOOR, LLC;
VISTA OUTDOOR SALES, LLC;
BROWNING ARMS COMPANY; and,
REMINGTON ARMS COMPANY, LLC,

    Defendants.

---

## COMPLAINT

---

Plaintiffs, Robert Watson, Christina Watson, and The Estate of Falon Watson, through counsel, for their claims against Defendants, allege as follows:

## PARTIES

1. Plaintiffs Robert and Christina Watson are citizens of the State of Colorado and were the parents of Falon Watson.

2. Plaintiff The Estate of Falon Watson is an estate to be established for the purpose of prosecuting the Estate's present claims.

3. Defendant Vista Outdoor Operations, Inc. is a citizen of the State of Utah and is doing business in the State of Colorado.

4. Defendant Vista Outdoor Operations, LLC is a citizen of the State of Utah and is doing business in the State of Colorado.

5. Defendant Vista Outdoor, LLC is a citizen of the State of Utah and is doing business in the State of Colorado.

6. Defendant Vista Outdoor Sales, LLC is a citizen of the State of Utah and is doing business in the State of Colorado.

7. Hereinafter, Plaintiffs will refer to these defendants collectively as "Vista Outdoor."

8. Defendant Browning Arms Company is a citizen of the State of Utah and is doing business in the State of Colorado.

9. Defendant Remington Arms Company, LLC is a citizen of the State of North Carolina and is doing business in the State of Colorado.

## JURISDICTION AND VENUE

10. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

11. Venue is proper pursuant to 28 U.S.C. §1391(b) because Defendants conduct business in the District of Colorado and because a substantial part of the events and omissions giving rise to the claim occurred in the District of Colorado.

## BACKGROUND

12. On March 1, 2016, Falon died from a gunshot.

13. The bullet was fired from a Browning .22 Semi-Automatic handgun, serial number 655NW27144.
14. Vista Outdoor manufactured the nylon holster used for the handgun.
15. Upon information and belief, the handgun was still inside the nylon holster at the time it fired.
16. The nylon holster was defective in that it failed to prevent the handgun's hammer from activating.
17. The nylon holster was defective in that it caused the handgun's safety to move or failed to prevent the handgun's safety from moving.
18. Defendant Browning manufactured the handgun used in Falon's death.
19. The handgun was defective in that the trigger mechanism was too easily activated while inside a nylon holster.
20. The handgun was defective in that the safety mechanism was too easily moved while inside a nylon holster.
21. Defendant Remington manufactured the ammunition used in Falon's death.
22. Upon information and belief, the cartridge was defective in that it too impact sensitive.
23. Plaintiffs had general and special damages, including by way of illustration and without limitation, pain, suffering, loss of the companionship of a child, lost wages, and severe emotional distress.

## FIRST CLAIM FOR RELIEF

(Strict Product Liability)

24. Defendants have engaged in the business of selling holsters, guns, or ammunition for resale, use, or consumption.

25. Vista Outdoor sold the nylon holster used in the course of Falon's death.

26. Defendant Browning sold the handgun used in the course of the Falon's death.

27. Defendant Remington sold the ammunition used in the course of Falon's death.

28. The nylon holster was defective and, because of the defect, the nylon holster was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the nylon holster.

29. The handgun was defective and, because of the defect, the handgun was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the handgun.

30. The ammunition was defective and, because of the defect, the ammunition was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the ammunition.

31. The nylon holster, the handgun, and the ammunition were defective when Defendants sold them.

32. The nylon holster, the handgun, and the ammunition were expected to reach the user or consumer without substantial change in the condition in which it was sold.

33. The nylon holster, the handgun, and the ammunition did reach the user or consumer without substantial change in the condition in which it was sold.

34. Plaintiffs were persons who would reasonably be expect to use or b affected by the nylon holster, the handgun, and the ammunition.

35. The defects were a cause of Plaintiffs' damages.

FOR THESE REASONS, Plaintiffs request this Court to enter judgment in favor of Plaintiffs and against Defendants for actual damages in an amount to be determined at trial and for interest, costs, and attorney fees allowed by law.

RESPECTFULLY submitted this 1st day of March, 2016.

GORDON & McWHIRTER LLC

*/s/ Paul Gordon*
Paul Gordon
5500 East Yale Avenue, Suite 300
Denver, Colorado  80222
Telephone: (303) 756-0800
Fax: (303) 756-9315
Email: pgordon@gorlaw.com
*Attorney for Plaintiffs*